**SCHIFFMAN LAW OFFICE, P.C.**
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gheorghe Olaru,<br><br>                             Plaintiff,<br>vs.<br><br>Life Insurance Company of North America; The Long-Term Disability Plan of the McLane Co. Inc.<br>                             Defendants. | No.<br><br>**COMPLAINT** |

For his claim against Defendants, Gheorghe Olaru ("Olaru") alleges as follows:

**JURISDICTION AND VENUE**

1. Olaru is a resident of Maricopa County, Arizona.

2. Defendant Life Insurance Company of North America ("LINA") is an insurance company incorporated in Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. LINA is authorized to do business in Maricopa County, Arizona.

3. The Long-Term Disability Plan of the McLane Company, Inc. ("Plan") is a purported ERISA benefit plan established and maintained by McLane Company, Inc. ("McLane") for the benefit of its employees. The Plan includes long-term disability benefits ("LTD"). McLane is the Plan Administrator.

4. McLane is a Plan Fiduciary as that term is defined by ERISA.

5. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and LINA have caused events to occur in Arizona out of which Olaru's claims arise.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

7. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

8. LINA pays for and administers the Plan's LTD benefits.

9. LINA is the Claim Administrator and is a Plan Fiduciary as defined by ERISA for the Plan's LTD benefits.

## GENERAL ALLEGATIONS

10. LINA provided certain employees with LTD benefits pursuant to the Plan.

11. Under the terms of the LTD benefit, Olaru is entitled to benefits for the first 12 months when LINA determines he is unable to perform the material duties of his regular occupation and is unable to earn 80% or more of his indexed predisability earnings from working his regular occupation.

12. After the first 12 months of disability, Olaru is considered disabled if he is unable to work in any reasonable occupation solely because of a disease or injury. The Plan defines reasonable occupation as any gainful activity for which Olaru is, or may reasonably become, qualified for based on education, training or experience and which results in an income of more than 60% of his indexed earnings.

13. At all relevant times, Olaru was a McLane employee, became a covered individual under the Plan, and remained continuously employed until his disability rendered him unable to work in his regular occupation as an Yard Spotter on June 27, 2014.

14. The material and substantial duties of Olaru's occupation that he was unable to perform, include, but are not limited to:

- Ability to work a regular, 40-hour work week;
- Ability to work due to swelling and pain of left knee;
- Ability to work due to difficulty walking as a result of knee pain;
- Ability to stand for over an hour, kneel, stoop, or crawl.

15. Olaru suffers from bilateral knee osteoarthritis and has undergone multiple surgeries, including knee replacements on both knees.

16. Olaru became disabled on June 27, 2014 and remains disabled from his own occupation and from any occupation for which he is qualified based on education, training or experience and for which he could earn 60% of his pre-disability earnings.

17. LINA initially denied Olaru's claim on January 20, 2016.

18. Olaru is entitled to 60% of his Predisability Earnings from January, 2016 through the present.

19. Olaru's is entitled to a monthly LTD disability benefit in the amount of $719.90, from January 2016 to the present, which reflects a gross benefit of $2,070.00 less the offset for his SSDI benefits in the amount of $1,350.10.

20. Olaru provided proof of his debilitating medical conditions. In addition, Olaru provided LINA with completed attending physician statements and extensive medical records that support his disability.

21. Olaru appealed LINA's denial.

22. LINA issued a final denial on October 31, 2016.

23. Olaru has satisfied the jurisdictional prerequisites to filing a claim in federal court.

# COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

24. Olaru incorporates and realleges all previous allegations.

25. The Plan contains some language purporting to grant Olaru discretion and to give Olaru the ability to delegate discretion to others; however, on information and belief, the purported delegation is invalid and Olaru is entitled to de novo review.

26. Olaru became disabled on June 27, 2014 and remains unable to perform the duties of any other occupation for which he is qualified based on education, training or experience.

27. Despite the coverage of Olaru's short-term disability, LINA denied Olaru LTD benefits. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

28. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Olaru is entitled to recover all benefits due under the terms of the Plan, and to enforce his rights under the terms of the Plan.

29. Pursuant to 29 U.S.C. § 1132(g), Olaru is entitled to recover his attorneys' fees and costs incurred herein from McLane and the Plan.

30. Olaru is entitled to prejudgment interest at the highest legal rate on the benefits to which he is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Olaru prays for entry of judgment against Defendants as follows:

A. For all past benefits due Olaru under the terms of the Plan;

B. For an award of Olaru's attorneys' fees and costs incurred herein;

C. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 29th day of March 2018

                SCHIFFMAN LAW OFFICE, P.C.

          By: /s/ Lisa J. Counters
               Lisa J. Counters